UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 2037
NEWARK, NJ 07101
973-297-4887

February 10, 2020

# LETTER OPINION

**Re:** *Merchants Mutual Insurance Company v. 215 14th Street, LLC, et al.*
**Civil Action No. 19-9206 (ES) (SCM)**

Dear counsel:

Before the Court is plaintiff-counter defendant Merchants Mutual Insurance Company's ("Plaintiff") motion to dismiss certain claims and demands asserted by defendants-counter claimants 215 14th Street, LLC and Adithya Bethena ("Defendants"). (D.E. No. 8). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). As set forth below, the Court GRANTS Plaintiff's motion to dismiss.

Plaintiff commenced this one-count declaratory judgement action against Defendants, seeking a court's order declaring, *inter alia*, that Plaintiff "is not obligated to pay or reimburse [Defendants] for any damages" in connection with a commercial building that is owned by Defendants and insured by Plaintiff. (*See generally* D.E. No. 1). In response, Defendants filed their "Answer with Counterclaim," which included two counts of counterclaims against Plaintiff. (D.E. No. 5). Specifically, Count I is a breach of contract claim, based on which Defendants seek damages incurred, attorney's fees, interest, and costs of suit. (*Id.* at 4–5). Count II is a claim for bad faith, based on which Defendants seek damages incurred, damages to be incurred, "compensatory and punitive damages," attorney's fees, and costs of suit. (*Id.* at 5–6). Plaintiff moves to dismiss Defendants' counterclaim for bad faith and Defendants' demands for punitive damages, attorney fees and costs. (D.E. No. 8).

When deciding a motion to dismiss a crossclaim or counterclaim under Rule 12(b)(6), the Court undertakes the same analysis as it would for claims in a complaint. *See Organon Inc. v. Mylan Pharms., Inc.*, 293 F. Supp. 2d 453, 456–57 (D.N.J. 2003). To survive a motion to dismiss under Rule 12(b)(6), the claimant must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

1

When reviewing a motion to dismiss a counterclaim, "all allegations in the countercomplaint must be accepted as true and viewed in the light most favorable to the counterclaimant." *Organon*, 293 F. Supp 2d. at 456–57; *see Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). But the Court is not required to accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Finally, "a court may consider only the allegations plead in the counterclaim, exhibits attached to the counterclaim, matters of public record, and undisputedly authentic documents if the counterclaims are based upon those documents." *Organon*, 293 F. Supp 2d. at 457; *see Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Relevant to the instant motion, "to establish a claim for bad faith in the insurance context, a [claimant] must show two elements: (1) the insurer lacked a 'fairly debatable' reason for its failure to pay a claim, and (2) the insurer knew or recklessly disregarded the lack of a reasonable basis for denying the claim." *Ketzner v. John Hancock Mut. Life Ins. Co.*, 118 F. App'x 594, 599 (3d Cir. 2004) (citing *Pickett v. Lloyd's*, 621 A.2d 445, 454 (N.J. 1993)). To meet the "fairly debatable" standard, a claimant

> must be able to establish, as a matter of law, a right to summary judgment on the substantive claim; if [claimant] cannot establish a right to summary judgment, the bad faith claim fails. In other words, if there are material issues of disputed fact which would preclude summary judgment as a matter of law, an insured cannot maintain a cause of action for bad faith.

*Id.*; *see also Fuscellaro v. Combined Ins. Grp., Ltd.*, No. 11-0723, 2011 WL 4549152, at *5 (D.N.J. Sept. 29, 2011) ("[I]f there are material issues of disputed fact as to the underlying benefits claim, an insured cannot maintain a cause of action for bad faith."). Thus, dismissal of the bad faith claim is proper when the insured cannot prevail on summary judgment for the underlying insurance claim. *Ketzner*, 118 F. App'x at 599; *see Tarsio v. Provident Ins. Co.*, 108 F.Supp. 2d 397, 401–02 (D.N.J. 2000) (dismissing bad-faith claim where issues of fact precluded summary judgment on insured's underlying benefits claim); *Dare Invs., LLC v. Chi. Title Ins. Co.*, No. 10-6088, 2011 WL 2600594, at *12 (D.N.J. June 29, 2011) (dismissing the insured's claim for bad faith because "the Court cannot find that Dare is clearly entitled to coverage under the title policy and grant summary judgment in favor of its claims for breach of contract").

Here, the parties disagree as to whether damages to the commercial building at issue are covered by the insurance policy. On the one hand, Defendants allege that "[t]here is coverage under plaintiff's policy for [Defendants'] loss and damage," and that "plaintiff's persistent denial of coverage was not 'fairly debatable' and can only be considered as having been made in bad faith and 'malicious.'" (D.E. No. 5 ¶¶ 1–9). Relying on Section (I)(A)(5)(d) of the insurance policy, Defendants allege that the policy "provides coverage for abrupt collapse, defined as 'an abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose." (*Id.* ¶ 5 (citing D.E.

No.1-3, Ex. B ("Insurance Policy") at 22 (ECF pagination)[1]). The covered collapses include those caused by "building decay that is hidden from view, unless the presence of such decay is known to an insured prior to collapse." (*Id.*). According to Defendants, because the countercomplaint sufficiently alleges that, *inter alia*, the building at issue "suffered an abrupt collapse or caving in" that was caused by "structural decay of the building that was hidden from the view, and unknown to [Defendants] prior to the collapse," the asserted claim for bad faith satisfies the Rule 12(b)(6) standard. (D.E. No. 9 at 4–8).

Plaintiff, on the other hand, argues that the language of the insurance policy immediately following the provisions Defendants reference states that coverage for collapse does not apply to "[a] part of a building that is standing." (D.E. No. 8-2 at 6 (citing to Insurance Policy at 23)). Because the parties do not dispute that the building at issue remains standing, Plaintiff argues that its decision to deny Defendants' insurance claim is "clearly 'fairly debatable.'" (D.E. No. 12 at 2). In addition, Plaintiff alleges that "the loss may have been caused by wear and tear[,] and rust and corrosion," and the insurance policy specifically excludes from its coverage any loss caused by "wear and tear" and "rust or other corrosion." (*Id.* at 8–9 (citing to Insurance Policy at 36, Section (I)(B)(2)(i) & (l))). Accordingly, Plaintiff argues that its coverage decision is, at the very least, "fairly debatable." (D.E. No. 8-2 at 10).

The Court agrees with Plaintiff. Defendants fail to establish that, as a matter of law, they are entitled to summary judgment on their insurance claim. The parties clearly disagree as to the correct meaning of the insurance policy. As Defendants point out, Plaintiff maintains that "a [full] reading of all such provisions is necessary to evaluate the propriety of Merchants['] coverage denial." (D.E. No. 9 at 11). Instead of arguing that Plaintiff's reading of the insurance policy is wrong as a matter of law, Defendants argue that the proper reading of the insurance policy is irrelevant to a motion to dismiss under 12(b)(6). (*Id.* (stating that Plaintiff's reading of the insurance policy "may or may not be true, but what relevance does it have to a 12(b)(6) motion?")). In fact, Defendants state that "unless the Court notifies the parties that it is electing to convert the motion into a summary judgment motion, . . . this brief will not address" the substantive arguments regarding the policy's coverage. (*Id.* at 10).

As discussed above, Defendants are wrong—a bad faith claim against the insurance company fails at the motion to dismiss stage if the claimant cannot establish a right to summary judgment on the substantive claim. *See Ketzner*, 118 F. App'x at 599. Moreover, the Court finds that Plaintiff sufficiently shows that, based on its reading of the insurance policy, a reasonable basis existed to deny Defendants' underlying insurance claims. In fact, where, as here, "the denial of benefits [was based] on [ ] noncoverage," the *Pickett* court held that it is the "easiest to understand" why the denial of insurance claims is "fairly debatable." 621 A. 2d at 453–54. As

---

[1] The insurance policy was not attached to Defendants' countercomplaint, but it was attached to Plaintiff's complaint and its motion to dismiss. (D.E. No. 1-3, Ex. B & D.E. No. 8-4). Because Defendants' countercomplaint refers to and specifically relies on the insurance policy, and because the authenticity of the insurance policy attached by Plaintiff is not in dispute, the Court reviews the insurance policy for this motion. *See Organon*, 293 F. Supp 2d. at 457 ("a court may consider only the allegations plead in the counterclaim, exhibits attached to the counterclaim, matters of public record, and **undisputedly authentic documents if the counterclaims are based upon those documents**.") (emphasis added). Unless otherwise specified, the pin cites to the insurance policy refer to the pagination generated by the Court's Electronic Case Files system.

such, Defendants fail to show that "the insurer lacked a 'fairly debatable' reason for its failure to pay a claim." *Id.* Because this deficiency cannot be cured by further amendment or through discovery, the Court dismisses Defendants' claim for bad faith *with prejudice*.

To recover punitive damages, the insured "must demonstrate 'egregious circumstances,' meaning that the insurer's conduct must be 'wantonly reckless or malicious.'" *Berrol ex rel. Estate of Berrol v. AIG*, No. 07-1565, 2007 WL 3349763, at *2 (D.N.J. Nov. 7, 2007) (citing *Nappe v. Anschelewitz, Barr, Ansell & Bonello*, 477 A.2d 1224, 1230 (N.J. 1984)). Plaintiff argues, and Defendants do not dispute, that "an insured who cannot state a claim for bad faith damages is necessarily unable to prevail on a claim for punitive damages under the higher standard of egregious circumstances." (D.E. No. 8-2 at 10 (quoting *Johnson v. Liberty Mut. Ins. Co.*, No. 10-0494, 2010 WL 2560489, at *3 (D.N.J. June 24, 2010))). The Court agrees and thus dismisses Defendants' demands for punitive damages *with prejudice*.

Finally, Defendants seek "attorney's fees, interest, and costs" based on their claims for breach of contract and bad faith. (D.E. No. 5 ¶¶ 6 & 9). Plaintiff argues, and Defendants do not dispute, that New Jersey law does not allow awards of attorney's fees and costs "to an insured who brings direct suit against his insurer to enforce casualty or other direct coverage." (D.E. No. 8-2 at 11 (quoting *Raritan Bay Federal Credit Union v. Cumis Ins. Soc.*, 2009 WL 2223049, at *4 (D.N.J. July 23, 2009) and N.J. Ct. R. 4:42-9(a)(6))). As such, Defendants' demands for attorney's fees, interest, and costs are dismissed *with prejudice.*

An appropriate Order accompanies this Letter Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**